**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

v.

**MICHAEL COOPER**

**CRIMINAL CASE NO.
1:18-CR-00118-SCJ**

**ORDER**

This matter is before the Court for consideration of the February 26, 2019, Report and Recommendation ("R&R") (Doc. No. [69])[1], in which the Honorable Catherine M. Salinas, United States Magistrate Judge, recommended that Defendant Michael Cooper's ("Defendant") Motion to Suppress Cellular Geo-Location Data (Doc. Nos. [28]; [29]) and Motion to Suppress Identification Testimony (Doc. Nos. [25]; [31]) be denied. Also before the Court is the magistrate judge's February 22, 2019, order (Doc. No. [68]) denying

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Defendant's Motion to Reveal the Deal (Doc. Nos. [24]; [32]), Motion for Production of Criminal Histories (Doc. No. [33]), and Motion to Sever Counts (Doc. No. [26]). Pursuant to 28 U.S.C. § 636(b)(1), Defendant filed objections to the R&R on March 22, 2019. Doc. No. [77]. Defendant also filed objections to the magistrate judge's February 22, 2019, order on March 17, 2019. Doc. No. [76]. These matters are now ripe for review, and the Court rules as follows.

**I.   OBJECTIONS TO THE REPORT AND RECOMMENDATION**

**A.   Background**

The Court incorporates the magistrate judge's facts and legal standards by reference. As stated in the R&R, Defendant is charged in a four-count indictment with conspiracy to knowingly make a false and fictitious written statement to a federally-licensed firearms dealer (Count I), making a false statement to two different licensed firearm dealers—Arrowhead Pawn Shop (Count II) and Liquidation Outlet Center (Count III)—and being a felon in possession of a firearm (Count IV). Doc. No. [69], p. 1. The indictment also contains a forfeiture provision. Id.

On July 14, 2018, Defendant filed a Motion to Suppress Identification Testimony, in which he moves to suppress two witness identifications made by

2

Ashlie Onyedika ("Ms. Onyedika") and Mark Eiken ("Mr. Eiken"). Doc. Nos. [25]; [31].[2] An evidentiary hearing on the motion was subsequently held on November 1, 2018. Doc. No. [46]. Further, on July 15, 2018, Defendant filed a Motion to Suppress Cellular Geo-Location Data, in which he moves to suppress cellular location data obtained without a warrant through the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701–2711. Doc. Nos. [28]; [29].[3]

On February 26, 2019, the magistrate judge entered the R&R, recommending that Defendant's Motion to Suppress Cellular Geo-Location Data and Motion to Suppress Identification Testimony be denied. Doc. No. [69], p. 17. Pursuant to 28 U.S.C. § 636(b)(1), Defendant subsequently filed objections to the R&R. Doc. No. [77]. The Court now addresses Defendant's objections as to each motion in turn.

---

[2] Defendant supplemented his Motion to Suppress Identification Testimony on August 23, 2018. Doc. No. [31]. Defendant also initially challenged the witness identifications made by Quintavious Stokley and Cory Miller. Doc. No. [25], p. 1; Doc. No. [31], p. 6. Defendant ultimately withdrew his challenge to the Stokley identification, and the Government indicated that it did not intend to introduce the Miller identification in its case-in-chief. Doc. No. [50], p. 4.

[3] Defendant supplemented his Motion to Suppress Cellular Geo-Location Data on July 21, 2018, after confirming that the Government did not obtain a warrant prior to obtaining the cellular location data, but rather obtained it through application to the Court under the SCA. Doc. No. [29], p. 1.

**B.     Legal Standard**

In reviewing the R&R, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

**C.     Discussion**

   *1.     Motion to Suppress Cellular Geo-Location Data*

Defendant states in his Motion to Suppress Cellular Geo-Location Data that the Government executed a search warrant for his home in Pennsylvania

4

and that the probable cause for the warrant came, in part, from historical cell site data acquired under the SCA without a warrant. Doc. Nos. [28]; [29]. Consequently, he argues that the Supreme Court's decision in Carpenter v. United States, 138 S. Ct. 2206 (2018), requires the suppression of any cell site data obtained under the SCA without a warrant as well as any evidence obtained via a warrant that relied on such evidence.[4] Doc. No. [29], p. 1.

In the R&R, however, the magistrate judge relied on the Eleventh Circuit's decision in United States v. Joyner, 899 F.3d 1199 (11th Cir. 2018), as grounds for recommending that Defendant's motion be denied. Doc. No. [69], pp. 2–4. In Joyner, the Eleventh Circuit held that if, prior to the Supreme Court's decision in Carpenter, law enforcement agents acted in good faith in obtaining cell site data without a warrant, then the good faith exception to the exclusionary rule articulated in United States v. Leon, 468 U.S. 897, 922 (1984),

---

[4] In Carpenter, the Supreme Court held that the acquisition of historical cell site records constitutes a "search" under the Fourth Amendment and that law enforcement agents must obtain a warrant supported by probable cause before acquiring such records. 138 S. Ct. at 2220–21. Carpenter overturned prior Eleventh Circuit precedent set forth in United States v. Davis, in which the Eleventh Circuit held that obtaining cell site data from third parties under the SCA did not constitute a "search" under the Fourth Amendment and that a warrant was therefore not required to obtain such data. 785 F.3d 498, 511 (11th Cir. 2015).

5

may apply. See Joyner, 899 F.3d at 1204–05 (holding that the Government's failure to obtain a search warrant for cell site data fell under the Leon good faith exception and did not constitute reversible error). In this case, the order authorizing the disclosure of the cell site data was signed on December 15, 2017—six months prior to the Supreme Court's decision in Carpenter. Doc. No. [29-1], p. 13. Finding no evidence to suggest that the Government's actions were not taken in good faith, the magistrate judge concluded that the Leon good faith exception to the exclusionary rule should apply to the cell site data obtained without a warrant.[5] Doc. No. [69], pp. 2–4.

Defendant does not appear to object to the magistrate judge's application of the law. On the contrary, he concedes that "Joyner is controlling" and acknowledges that "the Court must follow binding precedent." Doc. No. [77], pp. 2–4. Rather, Defendant argues that that "a proper application of Carpenter mandates exclusion of the Leon good faith doctrine" and that he thus "makes and reserves objection on the potential contingency that the

---

[5]   Specifically, the magistrate judge found that the Government complied with the requirements of the SCA in obtaining the cell site data. As noted above, in December of 2017, binding Eleventh Circuit case law instructed that a court order under the SCA was the proper way to obtain such data. Davis, 785 F.3d at 511.

6

Supreme Court may ultimately agree with his position and find that Leon is inapplicable to the context." Id. at p. 2. Until such time, however, the Court is bound by the Eleventh Circuit's decision in Joyner. Therefore, absent any evidence that the Government's actions in obtaining the cell site data were not in good faith, the magistrate judge correctly found that the Leon good faith exception to the exclusionary rule applies. [6] Accordingly, Defendant's objections are overruled and Defendant's Motion to Suppress Cellular Geo-Location Data is **DENIED**. Doc. Nos. [28]; [29].

### 2. *Motion to Suppress Identification Testimony*

In his Motion to Suppress Identification Testimony, Defendant challenges the pretrial photo identifications made by Ms. Onyedika and Mr. Eiken as being both unduly suggestive and inherently unreliable, thereby giving rise to a substantial likelihood of irreparable misidentification.

---

[6] The magistrate judge also noted that Defendant "failed to present any evidence showing that he ever owned, controlled, used, or possessed the phone in question." Doc. No. [69], p. 4 n.1. Without such evidence, the magistrate judge found that Defendant failed to establish standing to challenge the Government's acquisition of the cell site data. Id. In response, Defendant argues that he does not have to affirmatively show an interest in the phone. Doc. No. [77], p. 3 n.1. Because the Court finds that the Leon good faith exception to the exclusionary rule is applicable to cell site data obtained without a warrant, the Court declines to address this point.

7

Doc. Nos. [25]; [31]; see also Simmons v. United States, 390 U.S. 377, 383 (1968) (holding the pre-trial identifications may violate a defendant's constitutional due process rights when "the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.").

After conducting an evidentiary hearing, the magistrate judge recommended that Defendant's motion be denied. Doc. No. [69], p. 16. Specifically, the magistrate judge concluded that Defendant "failed to meet his burden of showing that the procedure in which Ms. Onyedika and Mr. Eiken chose Defendant's photograph out of the respective photo packs was unnecessarily suggestive." Id. at p. 15. Thus, because the procedures used by the Government were not unduly suggestive, the magistrate judge declined to address whether, under the totality of the circumstances, the identification was reliable.[7] Id. at p. 16.

---

[7] As the magistrate judge explained in the R&R, courts employ a two-step analysis in assessing the admissibility of a pretrial identification. United States v. Diaz, 248 F.3d 1065, 1102 (11th Cir. 2001). First, the Court must determine whether the identification procedure used was "unduly suggestive." Id. If the Court determines that it was suggestive, the Court must then consider whether, under the totality of the circumstances, the identification was nonetheless reliable. Id.

Defendant first objects to the magistrate judge's finding that the identification procedures used with Ms. Onyedika were not unduly suggestive, contending that "the Court focused almost exclusively on the purported techniques, while not at all considering the environment under which [she] made her identification." Doc. No. [77], p. 5. Thus, "because the Court gave no consideration whatsoever to the environment under which [she] made her identification, its reasoning fails in finding that this identification procedure did not create a substantial risk of misidentification." Id. at p. 5. For similar reasons, Defendant objects to the magistrate judge's finding that the identification procedures used with Mr. Eiken were not unduly suggestive, arguing that "the focus was merely on the intrinsic techniques employed by the agents, without any regard for the environment or circumstances under which the identifications were made." Id. at p. 6. Defendant, however, cites no law or authority holding that a failure to consider such things renders an identification procedure unduly suggestive. Rather, the magistrate judge appropriately considered the relevant factors (*i.e.* the number of photographs shown to the witness, the nature of the photographs shown to the witness, and the agent's conduct when presenting the photographs) and concluded that the

9

identification procedures used with Ms. Onyedika and Mr. Eiken were not unduly suggestive.⁸

Defendant also objects to the magistrate judge's failure to conduct an analysis of whether, under the totality of the circumstances, the identifications were reliable. Id. at p. 9. This reliability analysis, however, is not conducted unless a court determines that an identification procedure was unduly suggestive. Diaz, 248 F.3d at 1102. As previously discussed, the magistrate judge correctly concluded that that the identification procedures used with Ms. Onyedika and Mr. Eiken were not unduly suggestive. Consequently, the magistrate judge did not err by failing to consider whether, under the totality of the circumstances, the identifications were reliable.

---

⁸ Defendant also takes issue with the magistrate judge's failure to consider a memorandum issued by then-Attorney General Sally Yates in January 2017 ("DOJ Memorandum"), which sets forth the "best practices" and procedures for obtaining identifications through photo arrays where the alleged perpetrator is a stranger to the witness. Doc. No. [77], p. 7. The magistrate judge, however, did consider the DOJ Memorandum and acknowledged that the agents could have done some things that Defendant says they failed to do (*i.e.* give cautionary instructions or ask the witness about his or her degree of confidence). Doc. No. [69], pp. 13, 16. Yet, as the magistrate judge stated, "the Government's failure to do those things does not covert an otherwise non-suggestive procedure into an unduly suggestive one." Id. at p. 16. As addressed above, the magistrate judge appropriately considered the relevant factors and therefore correctly found that the identification procedures used with Ms. Onyedika and Mr. Eiken were not unduly suggestive.

Accordingly, Defendant's objections are overruled and Defendant's Motion to Suppress Identification Testimony is **DENIED.** Doc. Nos. [25]; [31].

## II. OBJECTIONS TO THE FEBRUARY 22, 2019, ORDER

On February 22, 2019, the magistrate judge issued an order on several of Defendant's non-dispositive motions. Doc. No. [68]. Specifically, the magistrate judge ordered that Defendant's Motion to Reveal the Deal (Doc. Nos. [24]; [32][9]), Motion for Production of Criminal Histories (Doc. No. [33]), and Motion to Sever Counts (Doc. No. [26]) be denied. Id. at p. 15. Defendant subsequently filed objections to the magistrate judge's order on March 17, 2019.[10] Doc. No. [76].

Federal Rule of Civil Procedure 72 allows a magistrate judge to rule directly on non-dispositive matters. Fed. R. Civ. P. 72(a). When reviewing a magistrate judge's non-dispositive order, the district court must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; 28 U.S.C. § 636(b)(1)(A).

---

[9] Defendant supplemented his Motion to Reveal the Deal on August 23, 2018. Doc. No. [32].

[10] Defendant does not object to the magistrate judge's denial of his Motion to Sever Counts. Doc. No. [76], p. 1.

Upon review of the magistrate judge's order and Defendant's objections, the Court finds that the order is not clearly erroneous or contrary to law. Defendant's objections to the February 22, 2019, order are thus overruled.

### III. CONCLUSION

Accordingly, the Court **ADOPTS** the magistrate judge's R&R (Doc. No. [69]) as the Order of the Court. Defendant's objections to the R&R (Doc. No. [77]) are **OVERRULED**. Defendant's Motion to Suppress Cellular Geo-Location Data (Doc. Nos. [28]; [29]) and Motion to Suppress Identification Testimony (Doc. Nos. [25]; [31]) are thereby **DENIED**. Further, Defendant's objections to the magistrate judge's February 22, 2019, order (Doc. No. [76]) are also **OVERRULED**.

As the Court has now addressed and resolved the objections to the magistrate judge's orders, Defendant's Motion for Pre-Trial Status Conference (Doc. No. [84]) is **DENIED as moot.**

**IT IS SO ORDERED** this 13th day of June, 2019.

s/Steve C. Jones  
**HONORABLE STEVE C. JONES**  
**UNITED STATES DISTRICT JUDGE**